John M. Desmarais (SBN 320875)
**DESMARAIS LLP**
101 California Street
Suite 3000
San Francisco, CA 94111
Facsimile: (310) 789-3150

*Attorney for Plaintiff Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC, | Case No. |
| Plaintiff, | **GOOGLE LLC'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| CARDIACSENSE LTD., | |
| Defendant. | |

Plaintiff Google LLC ("Google") files this Complaint for Declaratory Judgment of Non-Infringement against Defendant CardiacSense Ltd. ("CardiacSense") and in support of its Complaint alleges as follows:

## NATURE OF ACTION

1.    This is an action for a declaratory judgment of non-infringement of U.S. Patent No. 7,980,998 (the "'998 patent," attached as **Exhibit 1**) against CardiacSense, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

2.    Google requests this relief because CardiacSense has asserted, through the filing of a now-dismissed lawsuit in the Western District of Texas (*CardiacSense Ltd. v. Google LLC*, No. 1:24-cv-01505-ADA (W.D. Tex.) (filed Dec. 6, 2024)) (the "First Lawsuit") that the swim tracking functionality of certain Fitbit and Google Pixel Watch devices infringes the '998 patent.  *See* **Exhibit 2** (Complaint for Patent Infringement, No. 1:24-cv-01505-ADA, Dkt. 1).

3.    In the First Lawsuit, Google filed a Motion to Transfer Venue to this District.  On April 14, 2025, while the Motion to Transfer Venue was pending, CardiacSense voluntarily dismissed its complaint without prejudice.  *See* **Exhibit 3** (CardiacSense's Notice of Voluntary Dismissal without Prejudice, No. 1:24-cv-01505-ADA, Dkt. 33).

4.    By dismissing the case without prejudice, CardiacSense has placed a cloud of uncertainty on the commercial use of Google's Fitbit and Google Pixel Watch devices and provided no assurance against future lawsuits asserting the '998 patent against Google.  Google thus brings this action to obtain a declaratory judgment that Google does not infringe any claim of the '998 patent, directly or indirectly, literally, or under the doctrine of equivalents.

5.    Google does not infringe and has not infringed any claim of the '998 patent.

6.    An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201– 2202 between Google and CardiacSense as to whether Google has infringed or is infringing the '998 patent.

**THE PARTIES**

7.    Plaintiff Google LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 1600 Amphitheater Parkway, Mountain View, California 94043.

8.    Defendant CardiacSense has averred in the First Lawsuit that it is an Israeli corporation with a headquarters at 6 Leshem Street, North Caesarea Park, Caesarea, Israel 3079870.

**JURISDICTION AND VENUE**

9.    Google files this Complaint against CardiacSense pursuant to the patent laws of the United States, Title 35 of the United States Code, section 1 *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the federal courts of the United States, 28 U.S.C. §§ 2201 and 2202.

10.    The Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  By alleging infringement of the '998 patent in the

1    First Lawsuit, and dismissing its complaint without prejudice, CardiacSense has created a real, live,

2    immediate, and justiciable case or controversy between CardiacSense and Google with regard to

3    alleged infringement of the '998 patent.  Thus, a substantial controversy exists between the parties

4    which is of sufficient immediacy and reality to warrant declaratory relief.

5            11.    This Court has personal jurisdiction over CardiacSense, pursuant to due process and/or

6    the California Long Arm Statute (Cal. Code Civ. Proc. § 410.10)) because this cause of action arises

7    from CardiacSense's contacts with California.  In particular, CardiacSense has purposefully directed

8    its enforcement efforts of the '998 patent to California.  For example, CardiacSense is currently

9    prosecuting infringement claims of the '998 patent against Coros Wearables, Inc.—a California

10   corporation with its principal place of business in Irvine, California—in the Central District of

11   California.  *See CardiacSense Ltd. v. Coros Wearables, Inc.*, No. 2-24-cv-11011 (C.D. Cal., filed Dec.

12   18, 2024).  As another example, by directing enforcement activities to Google—a company with its

13   principal place of business in California—CardiacSense has further purposefully directed its activities

14   at residents of California.  Moreover, California is a foreseeable forum for this dispute.  Prior to

15   CardiacSense's voluntary dismissal of the First Lawsuit, Google had filed a Motion to Transfer Venue

16   to the Northern District of California.  CardiacSense is also aware that Google maintains its

17   headquarters in Mountain View, California, in this District.  *See, e.g.,* **Exhibit 4** at 1 (Google's Motion

18   to Transfer Venue, No. 1:24-cv-01505-ADA, Dkt. 30).  Thus, it was foreseeable that Google would

19   file this action in California.

20           12.    Google's claim for a declaratory judgment of non-infringement arises out of or relates

21   to CardiacSense's activities to enforce and litigate the '998 Patent in California, as described above in

22   Paragraph 11.

23           13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part

24   of the events giving rise to Google's claim occurred in this District.  For example, a substantial part

25   of the research and development of the products CardiacSense accused of infringement occurred in

26   the Northern District of California.  Additionally, venue is proper in this district because CardiacSense

27

28

---

GOOGLE LLC'S COMPLAINT FOR DECLARATORY                    3                              Case No.
JUDGMENT OF NON-INFRINGEMENT

1    is subject to the Court's personal jurisdiction with respect to this action, at least due to the First Lawsuit

2    and its actions seeking to enforce the '998 patent in this District.

3                                              **DIVISIONAL ASSIGNMENT**

4              14.      Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Rights Action

5    subject to assignment on a district-wide basis.

6                                              **FACTUAL BACKGROUND**

7              15.      On July 19, 2011, the United States Patent and Trademark Office issued the '998 patent,

8    entitled "Training and Instructing Support Device."  *See* **Exhibit 1**.  CardiacSense claims to be the

9    owner of all rights, title, and interest in the '998 patent.

10             16.      On December 6, 2024, CardiacSense sued Google in the Western District of Texas,

11   alleging that the Fitbit Versa 4, Fitbit Charge 5, Fitbit Charge 6, Google Pixel Watch 2, and Google

12   Pixel Watch 3 devices infringe multiple claims of the '998 patent.  *See CardiacSense Ltd. v. Google*

13   *LLC*, No. 1:24-cv-01505-ADA (W.D. Tex.).

14             17.      In its Complaint, CardiacSense alleged that Google directly and indirectly infringed

15   Claims 1-7, 10, and 12-16 of the '998 patent.  *See* **Exhibit 2**, ¶ 20.  CardiacSense subsequently

16   narrowed the asserted claims in its preliminary infringement contentions to include only claims 1-7,

17   10, and 12-14.  In response to CardiacSense's Complaint, Google filed a Motion to Dismiss (1) the

18   entire Complaint based on subject matter ineligibility of all asserted claims; (2) CardiacSense's request

19   for an injunction; (3) CardiacSense's indirect infringement claims; and (4) CardiacSense's pre-suit

20   damages claim.  *See* **Exhibit 5** (Google's Motion to Dismiss, No. 1:24-cv-01505-ADA, Dkt. 20).  In

21   its Opposition to Google's Motion to Dismiss, CardiacSense agreed to dismiss its request for an

22   injunction and indirect infringement claims, but sought to maintain its direct infringement claims and

23   request for pre-suit damages.  *See* **Exhibit 6** (CardiacSense's Opposition to Google's Motion to

24   Dismiss, No. 1:24-cv-01505-ADA, Dkt. 23).

25             18.      While the Motion to Dismiss was pending, Google filed a Motion to Transfer Venue to

26   the Northern District of California.  *See* **Exhibit 4**.  On April 14, 2025, while both the Motion to

27

28   GOOGLE LLC'S COMPLAINT FOR DECLARATORY            4                                              Case No.
     JUDGMENT OF NON-INFRINGEMENT

Dismiss and the Motion to Transfer Venue were pending, CardiacSense voluntarily dismissed its complaint without prejudice.  *See* **Exhibit 3**.  CardiacSense's dismissal without prejudice provided Google with no assurance against future lawsuits asserting the '998 patent against Google.

19.    CardiacSense's dismissal without prejudice of the First Lawsuit, in conjunction with its ongoing prosecution of infringement claims against three other defendants, including against Coros Wearables, Inc. in the Central District of California, shows CardiacSense's ongoing preparedness and willingness to enforce the '998 patent against Google.  Thus, there is a substantial risk that Google will face harm from further assertions of the '998 patent.

20.    Google's Fitbit Versa 4, Fitbit Charge 5, and Fitbit Charge 6 devices (the "Fitbit devices) do not directly or indirectly infringe any claim of the '998 patent asserted by CardiacSense in the First Lawsuit, either literally or under the doctrine of equivalents.

21.    The Google Pixel Watch 2 and Google Pixel Watch 3 devices (the "Pixel devices") do not directly or indirectly infringe any claim of the '998 patent asserted by CardiacSense in the First Lawsuit, either literally or under the doctrine of equivalents.

22.    Collectively, the Fitbit devices and the Pixel devices are the "Accused Products."

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,980,998)

23.    Google repeats and realleges Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.    The Accused Products do not practice or include multiple limitations of the claims of the '998 patent, including, but not limited to, having:

a.  a compass;

b.  gyroscope means;

c.  a sensing unit adapted to repeatedly measure … angular acceleration values;

d.  a processor adapted to … calculate … the location and orientation of said body part for each of the measurements;

1        e.   said presentation unit comprising vibrating element adapted to generate vibratory pulses

2           according to a predetermined rule;

3        f.   a computer adapted for being located at a location spaced from said processor and for

4           wirelessly receiving the data from said device, and having a monitor for displaying to a

5           user of said computer said data or information derived therefrom.

6        25.   To the extent that CardiacSense alleges contributory infringement of the '998 patent,

7 the Accused Products have substantial non-infringing uses.  By way of non-limiting examples, the

8 Accused Products can tell the time, track sleep, and make payments via Google Wallet.

9        26.   Google, including its Fitbit devices and Pixel devices, has not infringed and does not

10 infringe any claims of the '998 patent directly, either literally or under the doctrine of equivalents.

11       27.   Google does not induce infringement of the '998 patent claims, either literally or under

12 the doctrine of equivalents, at least because (1) there is no underlying direct infringement of the '998

13 patent for at least the reasons stated above, and (2) because Google has not acted with the specific

14 intent necessary for induced infringement.

15       28.   Google does not contributorily infringe the claims of the '998 patent, either literally or

16 under the doctrine of equivalents, at least because (1) there is no underlying direct infringement of the

17 '998 patent for at least the reasons stated above, (2) the Fitbit devices and Pixel devices have

18 substantial non-infringing uses for at least the reasons stated above, and (3) because Google has not

19 acted with specific knowledge of infringement.

20       29.   As set forth above, there exists an actual controversy between Google and

21 CardiacSense with respect to alleged infringement of the '998 patent, of sufficient immediacy and

22 reality to warrant the issuance of a declaratory judgment.  A judicial declaration is necessary and

23 appropriate so that the parties may ascertain their respective rights regarding the claims of the '998

24 patent.

25

26

27

28

30.    Google seeks a judicial determination that Google has not directly infringed, induced others to infringe, or contributed to the infringement of the claims of the '998 patent, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests that judgment be entered:

A.  Declaring that Google does not infringe, either directly, contributorily, or by inducement, any claim of the '998 patent, either literally or under the doctrine of equivalents;

B.  Declaring that judgment be entered in favor of Google and against CardiacSense on Google's claim;

C.  Finding this to be an exceptional case under 35 U.S.C. § 285;

D.  Awarding Google its attorneys' fees and costs in connection with this action; and

E.  Awarding Google any other remedy or relief that the Court deems just and proper.

## **JURY DEMAND**

Google demands a trial by jury on all claims and issues so triable.

DATED: July 15, 2025

Respectfully submitted,

*/s/ John M. Desmarais*
John M. Desmarais (SBN 320875)
Marie Weisfeiler (*pro hac vice* forthcoming)
Kurt D. Fredrickson (SBN 353010)
**DESMARAIS LLP**
101 California Street
Suite 3000
San Francisco, CA 94111
Facsimile: (310) 789-3150

Karim Z. Oussayef (*pro hac vice* forthcoming)
Carson Olsheski (*pro hac vice* forthcoming)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401

David J. Shaw (*pro hac vice* forthcoming)
**DESMARAIS LLP**
1899 Pennsylvania Avenue NW
Washington, DC 2006
Telephone: 202-451-4900
Facsimile: 202-451-4901

*Attorneys for Plaintiff Google LLC*