# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| CARDIACSENSE LTD, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-01505-ADA |
| GOOGLE LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S OPPOSED**
**MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

REDACTED

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................. 1

    A.  The Accused Products In This Case Are The Fitbit Versa 4, Fitbit Charge 5, Fitbit Charge 6, Google Pixel Watch 2 And Google Pixel Watch 3 ................. 1

    B.  Google Has Meaningful Connections To NDCA With Respect To The Accused Products, While Neither Party Has A Relevant Connection To WDTX ................................................................................................................. 2

        1.  Google ..................................................................................................... 2

        2.  CardiacSense ......................................................................................... 2

    C.  The Sources Of Proof ........................................................................................ 3

        1.  Google Witnesses ................................................................................. 3

        2.  CardiacSense Witnesses ...................................................................... 4

        3.  Non-Party Witnesses ........................................................................... 4

        4.  Documents And Physical Evidence ..................................................... 5

III.  LEGAL STANDARD ....................................................................................... 5

IV.  ARGUMENT ................................................................................................... 6

    A.  This Case Could Have Been Brought In NDCA .................................................. 6

    B.  Three Of Four Private Interest Factors Strongly Favor Transfer To NDCA .......... 6

        1.  NDCA Is More Convenient For The Party Witnesses ................................ 7

        2.  Relevant Documents And Physical Evidence Are Easier To Access In NDCA ................................................................................................. 9

        3.  More Relevant Non-Party Witnesses Are Subject To Compulsory Process In NDCA Than Anywhere Else .................................................. 10

        4.  No Practical Problems Weigh Against Transfer ..................................... 11

    C.  The Public Interest Factors Also Favor Transfer To NDCA ............................... 12

        1.  NDCA's Strong Local Interest Favors Transfer ...................................... 12

2.      The Administrative Difficulty Factor Is Neutral ....................................... 14

3.      The Remaining Public Interest Factors Are Neutral ................................ 15

V.     CONCLUSION ................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)...............................................................................13

*In re Apple, Inc.* (*Apple I*),
    581 F. App'x 886 (Fed. Cir. 2014) .........................................................................11

*In re Apple Inc.* (*Apple II*),
    979 F.3d 1332 (Fed. Cir. 2020)............................................................................8, 9

*CardiacSense Ltd. v. Garmin, Int'l., Inc.*,
    No. 2-24-cv-11368 (E.D. Mich., filed May 22, 2024)...........................................12

*CardiacSense Ltd. v. Suunto*,
    No. 6-24-cv-00281-FB (W.D. Tex., filed May 22, 2024) .......................................12

*DH Int'l Ltd. v. Apple Inc.*,
    No. 1:23-CV-1114-DII, 2024 WL 4119374 (W.D. Tex. Aug. 30, 2024)...............14

*eCardless Bancorp, Ltd. v. PayPal, Inc.*,
    7:22-cv-00245-ADA-DTG, D.I. 82, slip op. (W.D. Tex. Feb. 15, 2024)...............14

*In re Google LLC* (*Google I*),
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ............................9, 13

*In re Google LLC* (*Google II*),
    58 F.4th 1379 (Fed. Cir. 2023) ..............................................................................14

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................................10

*iCharts LLC v. Tableau Software, LLC*,
    No. 1:23-CV-1225-DII, 2024 WL 2305214 (W.D. Tex. May 21, 2024) .................9

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ......................................................................7, 13, 14

*Koss Corp. v. Plantronics, Inc.*,
    No. 6:20-CV-00663-ADA, 2021 WL 2075685 (W.D. Tex. May 20, 2021) ...........10

*L2 Mobile Techs. LLC v. Google LLC*,
    No. 6:21-00358-ADA, D.I. 52, slip op. (W.D. Tex. Jan. 7, 2022) ...........................9

*Motion Offense, LLC v. Google LLC*,
    No. 6:21-CV-00514-ADA, 2022 WL 5027730 (W.D. Tex. Oct. 4, 2022)............................13

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009)..................................................................................................6

*S.M.R. Innovations Ltd. v. Apple Inc.*,
    No. 6-23-CV-00479, 2024 WL 5410405 (W.D. Tex. Nov. 14, 2024) ...................................10

*Smart Mobile Techs. LLC v. Apple Inc.*,
    No. W-21-CV-00603, 2023 WL 5540152 (W.D. Tex. Aug. 28, 2023)....................................5

*Umbra Techs. Ltd. (UK) v. VMWare, Inc.*,
    No. 1:23-cv-904-DII, 2024 WL 1123592 (W.D. Tex. Mar. 13, 2024)...................................12

*USTA Tech., LLC v. Google LLC*,
    No. W-22-CA-01214-XR, 2023 WL 4833481 (W.D. Tex. July 26, 2023)............................14

*In re Volkswagen of Am., Inc. (Volkswagen II)*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ...........................................................................5, 6, 8

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
    No. 6:21-CV-00681-ADA, 2022 WL 3592448 (W.D. Tex. Aug. 22, 2022)..........................15

*XR Commc'ns, LLC v. Google LLC*,
    No. 6:21-cv-00625-ADA, 2022 WL 3702271 (W.D. Tex. Aug. 26, 2022) ...........................15

## Statutes

28 U.S.C. § 1400(b) ........................................................................................................................6

28 U.S.C. § 1404(a) ...................................................................................................................5, 15

35 U.S.C. § 287................................................................................................................................11

# I.    INTRODUCTION

This case should be transferred to the Northern District of California ("NDCA") because that is clearly the more convenient forum for this dispute than the Western District of Texas ("WDTX").  As a threshold matter, and as required under transfer precedent in this Circuit, this case could have been brought in NDCA; Defendant Google LLC ("Google") maintains its corporate headquarters in, directs its commercial activity from, and has a retail store where it sells the accused Fitbit and Google Pixel watches in Mountain View, CA.  Moreover, this Circuit's private and public interest factors confirm that NDCA is clearly the more convenient form.  As to the private interest factors, NDCA has superior access to the sources of proof, *i.e.*, party witnesses, non-party witnesses, documents, and physical evidence.  As to the public interest factors, NDCA has a strong local interest in resolving this dispute, which centers on technology Google developed in and supports from NDCA.  In contrast, WDTX has absolutely no connection to and absolutely no interest in this case.

# II.    FACTUAL BACKGROUND

## A.    The Accused Products In This Case Are The Fitbit Versa 4, Fitbit Charge 5, Fitbit Charge 6, Google Pixel Watch 2 And Google Pixel Watch 3

CardiacSense accuses Google of infringing a single patent, U.S. Patent No. 7,980,998 (the "'998 patent").  Specifically, CardiacSense alleges that Google's Fitbit Versa 4, Fitbit Charge 5, Fitbit Charge 6, Google Pixel Watch 2, and Google Pixel Watch 3 (the "Accused Products") include health sensing functionality related to swimming and associated motion sensors that practices claims 1–7, 10, and 12–14 of the '998 patent.  *See* Ex. 1.[1]

---

[1] Exhibits refer to those attached to the concurrently filed Declaration of Marie Weisfeiler.

**B.      Google Has Meaningful Connections To NDCA With Respect To The Accused Products, While Neither Party Has A Relevant Connection To WDTX**

**1.      Google**

Google is headquartered in Mountain View, California—its principal place of business. *See* Ex. 2.  Google also has numerous other offices in NDCA, including in San Francisco.  Ex. 3.

Google acquired Fitbit, Inc. ("Fitbit") in 2021.  Ex. 4.  Before its acquisition by Google in 2021, Fitbit's headquarters were in San Francisco.  Ex. 5 ("███████ Decl."), ¶ 4.  Fitbit also had an office in San Diego, California.  *Id.*  Fitbit's teams and offices merged with Google's teams and offices after Google acquired Fitbit in January 2021.  *Id.*

Of Google's more than seventy worldwide office locations, just two are located in WDTX: one in Austin and one in San Antonio.  Ex. 3.  Google has not identified any employees in its WDTX offices with information related to this case, or who currently work on swimming motion sensing and/or health sensing functionality of the Accused Products.  ██████ Decl., ¶ 14.  Google also has not identified any current or former employees who ever worked on swimming motion sensing and/or health sensing functionality for the Accused Products at any point while based in one of its WDTX offices.  *Id.*

**2.      CardiacSense**

CardiacSense is an Israeli company with no known physical offices or employees in WDTX or anywhere else in the United States.  D.I. 1, ¶ 2.

Despite its lack of a physical office, however, CardiacSense has significant contacts with NDCA.  For example, CardiacSense develops sensors and a smartwatch it says can diagnose heart arrhythmias.  Ex. 6.  As part of CardiacSense's product development efforts, it conducted clinical trials, including one in the United States at the University of California, San Francisco's Medical Center, which is in NDCA.  *Id.*  CardiacSense also sought Federal Communication Commission

("FCC") clearance for its CS System 3 smartwatch, and designated MiCom Labs Inc., which is located in Pleasanton, California in NDCA, as its agent. Ex. 7.

CardiacSense has significant other contacts with California more generally.  For example, CardiacSense entered a distribution partnership with Bulzi, Inc. of Newport Beach, CA, which is in the Central District of California ("CDCA"), to sell CardiacSense's products.  Ex. 8. CardiacSense is also currently litigating against Coros Wearables in CDCA; CardiacSense originally filed that case in WDTX, but did not oppose a motion to transfer to CDCA.  Ex. 9.

### C.    The Sources Of Proof

#### 1.    Google Witnesses

Based on its investigation to date, Google has thus far identified the following current employees who have relevant knowledge of the accused functionality in the Accused Products:

| Name | Title | Product/Focus | Office Location | Judicial District |
|------|-------|---------------|-----------------|-------------------|
| ███████ | Software Engineer | ███ | ██████ | NDCA |
| ███████ | Software Engineer Manager | ██████ | ██████ | NDCA |
| ███████ | Test Engineer | ██████ | ████ | NDCA |
| ██████ | Program Manager | ██████ | ██████ | NDCA |
| █████ | Senior Test Engineering Manager | ██████ | █████ | NDCA |
| ██████ | Director, Product Management | █████ | █████ | NDCA |
| ████ | Software Engineer | █████ | ██████ | Western District of Washington |
| ██████ | Software Engineer Manager | ████ | | Southern District of California |
| ███████ | Software Engineer | ██████ | █████ | District of Massachusetts |

████████ Decl., ¶¶ 1, 5-13.  These employees design, develop, implement, manufacture, test, and maintain the accused functionality in the Accused Products, or manage the teams that do.  *Id.*

As shown in the table, 6 of these 9 Google employees work from an office in NDCA, while none of them work from WDTX.  Moreover, these 9 Google employees manage teams of over a ████ other Google employees, many of whom work from California and none of whom work from Texas.  *Id.*  In short, in its investigation, Google identified a number of employees with pertinent information working from NDCA and none in WDTX.

### 2.     CardiacSense Witnesses

Google has identified two current CardiacSense employees it believes have relevant information—namely, the inventors on the '998 patent.  D.I. 1-1.  During the meet and confer process, Plaintiff confirmed that those witnesses reside in Israel.

| Name | Title | Location | Judicial District |
|------|-------|----------|-------------------|
| Eldad Shemesh | CEO | Caesarea, Israel | N/A |
| Liat Shemesh | COO | Caesarea, Israel | N/A |

### 3.     Non-Party Witnesses

Google has identified three non-party entities it believes have relevant information related to damages, marking, objective indicia of nonobviousness, and reduction to practice of the alleged invention of the '998 patent, as discussed above:

| Entity | Reason for Relevance | Location | Judicial District |
|--------|---------------------|----------|-------------------|
| University of California, San Francisco Medical Center | Hosted CardiacSense's clinical trial. | San Francisco, CA | NDCA |
| MiCom Labs Inc. | CardiacSense's agent for communications with FCC. | Pleasanton, CA | NDCA |
| Bulzi, Inc. | CardiacSense's U.S. sales distributor. | Newport Beach, CA | CDCA |

As shown in the table, two of these entities are in NDCA, and all three are in California.

### 4.    Documents And Physical Evidence



Decl., ¶ 17.  Therefore, Google created and maintains relevant documentation outside of WDTX, ███████████████.  ████████████████

███████████████████████████████████ *Id.*, ¶ 16. Google also has ███████████████████████ in its offices in NDCA.  *Id.*

As to documentation concerning the '998 patent, CardiacSense was already required to produce "all documents evidencing conception and reduction to practice for each claimed invention."  *See* Standing Order Governing Proceedings (OGP) 4.4, § II.2.  CardiacSense stated that it "is not aware of any documents that exist in this category."  Ex. 1 at 2.  Thus, Google is not aware of any CardiacSense documentation maintained in WDTX.  And it is most likely that two of the non-party CardiacSense partners discussed above—University of California, San Francisco Medical Center and MiCom Labs Inc. —maintain relevant documents at their offices in NDCA.

## III.    LEGAL STANDARD

The threshold question in a motion to transfer venue under § 1404(a) is "whether a civil action 'might have been brought' in the destination venue."  *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 312 (5th Cir. 2008) (en banc).  If the threshold question is met, courts in the Fifth Circuit weigh private and public interest factors to determine if the destination, *i.e.*, transferee venue, is clearly more convenient.  *Volkswagen II*, 545 F.3d at 315; *Smart Mobile Techs. LLC v. Apple Inc.*, No. W-21-CV-00603, 2023 WL 5540152, at *2 (W.D. Tex. Aug. 28, 2023).

The four private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (internal citation omitted). The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (internal citation omitted).

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009).

## IV.    ARGUMENT

The Court should transfer this case to NDCA. There is no dispute that the case could have been brought there. And the *Volkswagen II* factors demonstrate that NDCA is clearly more convenient. As to the private interest factors, NDCA is closer to the witnesses and evidence. As to the public interest factors, only NDCA can claim a local interest in this dispute; WDTX has no private or public interest in this case. Thus, transfer to NDCA is warranted.

### A.    This Case Could Have Been Brought In NDCA

Google has a regular and established place of business in Mountain View, California, in NDCA. Exs. 2-3. Google also has a store in Mountain View where it sells the Accused Products. Ex. 10. Thus, venue would have been proper in NDCA, and the threshold requirement for transfer to NDCA is met. *See* 28 U.S.C. § 1400(b).

### B.    Three Of Four Private Interest Factors Strongly Favor Transfer To NDCA

The three private interest factors related to convenience and access to sources of proof strongly favor transfer, because most of the identified witnesses and documents are in NDCA. The fourth—practical problems associated with a transfer—is neutral at worst (*i.e.*, there are no

6

practical problems), because the Court has no prior dealings with the '998 patent that would render transfer inefficient.

### 1.      NDCA Is More Convenient For The Party Witnesses

The most important factor in a transfer analysis is the convenience of witnesses.  *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021).  NDCA is more convenient for the witnesses who will testify in this case, because most of them work there and none of them work in WDTX.

There can be no doubt that NDCA is clearly more convenient for the six of nine potential Google witnesses who work in and around the San Francisco Bay Area—the heart of NDCA. Those witnesses are central to the technical issues in this case, where CardiacSense accuses health sensing functionality related to swimming and associated motion sensors on the Accused Products.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████  Decl., ¶ 7.  ████████████████

████████████████████████████████████████████

██████████████████  *Id.*, ¶ 12.  ████████████████████

█████████████████████████████  *Id.*, ¶ 10.  ████████

████████████████████████████████████████████

*Id.*, ¶ 11.   Both Messrs. ████████████████ have relevant knowledge concerning swim monitoring features in the Accused Products.  ████████████████████████

███████████████████████████  *Id.*, ¶ 13.  ████████████

█████████████████████████████  *Id.* ████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████████.

*Id.*, ¶¶ 1, 5-6.

     NDCA is also more convenient for two of the three potential Google witnesses who work from outside of NDCA. █████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████ *Id.*, ¶ 8. ████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████ *Id.*, ¶ 9.  Messrs. ████████████

████████████ would each have much shorter flights to NDCA than to WDTX.  *Compare* Exs. 11-12, *with* Exs. 13-14; *see also Volkswagen II*, 545 F.3d at 317 ("[T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

     The last identified potential Google witness, ███████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████ ███████████ Decl., ¶ 9.  His location is neutral in consideration of the convenience factor because he is so far away from both NDCA and WDTX that, regardless of the venue, he "will be required to travel a significant distance, will likely incur meal and lodging expenses, and will likely incur time away from home." *In re Apple Inc.* (*Apple II*), 979 F.3d 1332, 1342 (Fed. Cir. 2020).

     The convenience factor is also neutral with respect to CardiacSense's potential willing witnesses, who both live in Israel, and who would be required to travel a significant distance regardless of venue.  *See id.*

     Thus, convenience for the witnesses—the most important factor—strongly favors transfer. All of the identified potential party witnesses are located either in NDCA, much closer to NDCA

than WDTX, or so far from both NDCA and WDTX that their location does not impact the transfer determination. No willing witnesses reside in WDTX, nor are any materially closer to WDTX than NDCA. "[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google LLC* (*Google I*), No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). As in *Google I*, that is exactly the case here.

### 2. Relevant Documents And Physical Evidence Are Easier To Access In NDCA

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *Apple II*, 979 F.3d at 1340 (internal citation omitted). The relevant considerations for assessing the ease of access of electronic materials include the "location of document custodians and location where documents are created and maintained." *iCharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at *7 (W.D. Tex. May 21, 2024) (internal citation omitted). ██████████████████████████████████████████████

████████████████████████████████████████    ███████ Decl., ¶ 17. For the Accused Products, most of those employees worked from NDCA, and consequently ████████

████████████████████████████████████████    *Id.*, ¶¶ 1, 5-13. ████████████████

████████████████████████████████████████████████████████████████

████████████████    *Id.*, ¶ 16; *see, e.g.*, *L2 Mobile Techs. LLC v. Google LLC*, No. 6:21-00358-ADA, D.I. 52, slip op. at 6 (W.D. Tex. Jan. 7, 2022) ("[T]his Court will follow the Federal Circuit's lead and weigh the evidence created and maintained by NDCA-based Google personnel in favor of transfer.").

In addition, the likelihood that relevant CardiacSense documents from the University of California, San Francisco Medical Center and MiCom Labs are kept at their offices in NDCA

9

further weighs in favor of transfer. *Koss Corp. v. Plantronics, Inc.*, No. 6:20-CV-00663-ADA, 2021 WL 2075685, at *3 (W.D. Tex. May 20, 2021) ("Poly's showing that additional, third-party documents—Apple's documents—are located in NDCA further tips the scales in favor of transfer.").

This factor, therefore, favors transfer. *See S.M.R. Innovations Ltd. v. Apple Inc.*, No. 6-23-CV-00479, 2024 WL 5410405, at *4 (W.D. Tex. Nov. 14, 2024) ("While recent rulings have reduced the impact felt by the physical location of documents that are universally available, they are still considered in this analysis. Due to a lack of sources of proof in WDTX, this factor does favor transfer.").

### 3.    More Relevant Non-Party Witnesses Are Subject To Compulsory Process In NDCA Than Anywhere Else

Non-party witnesses are presumed unwilling to attend trial; thus, courts weigh the availability of compulsory process within the transferee district in favor of transfer. *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018).

Google identified three non-parties with potentially relevant information, and there is no indication that any of the three would be willing to travel to WDTX to testify. Each of the University of California, San Francisco Medical Center (who conducted trials of CardiacSense's smartwatch), MiCom Labs (CardiacSense's appointed agent for FCC correspondence), and Bulzi (CardiacSense's distribution partner) are believed to have relevant information bearing on damages, marking, objective indicia of nonobviousness, and reduction to practice of the alleged invention of the '998 patent. For example, these entities may have proof of domestic offers for sale of embodying products that would preclude pre-suit damages under 35 U.S.C. § 287. As another example, these entities may have proof bearing on objective indicia of nonobviousness, *e.g.*, by showing any long-felt need (or lack thereof) of the patented invention. Evidence from

10

non-parties is particularly important in this case, because CardiacSense itself stated it is not aware of *any* documents concerning the conception and reduction to practice of the inventions claimed in the '998 patent.  Ex. 1 at 2.  Thus, discovery from non-parties may be the only way to obtain such documents.

Compulsory process is not available for any identified non-party in WDTX.  By contrast, compulsory process is available in NDCA for two of these three non-parties—the University of California, San Francisco Medical Center and MiCom Labs—because they are based in NDCA.  And the unavailability of compulsory process for Bulzi cannot weigh against transfer, because no district would offer greater availability of compulsory process than NDCA (for example, transfer to the CDCA would only provide compulsory process for one of three non-party witnesses).  And Google has not found, nor has CardiacSense identified, any potential non-party witnesses located in WDTX or even elsewhere in Texas.

The compulsory process factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue."  *In re Apple, Inc.* (*Apple I*), 581 F. App'x 886, 889 (Fed. Cir. 2014).  Thus, this factor favors transfer.

### 4.    No Practical Problems Weigh Against Transfer

This factor is neutral because there are no practical problems weighing against transfer.  This case is in its early stages; discovery has not started and the *Markman* hearing has not occurred.

Further confirming the lack of practical problems weighing against transfer, CardiacSense is already engaged in litigation on the same patent in three other courts.  One case is currently pending in the Eastern District of Michigan.  *See CardiacSense Ltd. v. Garmin, Int'l., Inc.*, No. 2-24-cv-11368 (E.D. Mich., filed May 22, 2024).  The second case was filed against Coros Wearables in WDTX, and when Coros Wearables moved to transfer to the CDCA, CardiacSense did not oppose.  *See* Ex. 9.  The third case was filed in WDTX, however, it is not a CRSR Related

Case (*see* D.I. 22 at 2) and is assigned to Judge Biery, thereby mitigating or eliminating any efficiencies associated with having two cases in WDTX. *See CardiacSense Ltd. v. Suunto*, No. 6-24-cv-00281-FB (W.D. Tex., filed May 22, 2024). Further indicating this factor is neutral, Google is not a party to any of these co-pending cases, and none involve the same accused products. *See, e.g.*, *Umbra Techs. Ltd. (UK) v. VMWare, Inc.*, No. 1:23-cv-904-DII, 2024 WL 1123592, at *5 (W.D. Tex. Mar. 13, 2024) (finding that when co-pending litigation involves different defendants and different accused products and would likely result in "significantly different discovery, evidence, proceedings, and trial," "any incremental gains in keeping this case in the Western District of Texas are insufficient to justify overriding the inconvenience to the parties and witnesses").

### C.     The Public Interest Factors Also Favor Transfer To NDCA

One public interest factor, local interest, strongly favors transfer. The other three public interest factors are neutral. Thus, the public interest factors favor transfer to NDCA.

### 1.     NDCA's Strong Local Interest Favors Transfer

NDCA has a strong local interest in this case. Google was founded and is headquartered in NDCA. Ex. 2. Many Google employees who are knowledgeable about the accused functionality of the Accused Products work in NDCA, while none work in WDTX. ████████ Decl., ¶¶ 1, 5-13. ███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████ *Id.*, ¶¶ 1, 5-13, 16.

The local interest factor weighs the "local interest in having localized interests decided at home." *In re Acer Am. Corp.*, 626 F.3d 1252, 1254 (Fed. Cir. 2010). As is the case here, "[w]hen more design and development by the accused infringer took place in the NDCA, the NDCA has

the greater local interest." *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 WL 5027730, at *13 (W.D. Tex. Oct. 4, 2022).

In contrast, WDTX has no local interest in this dispute. CardiacSense and its inventors have no physical presence in WDTX. None of the witnesses Google identified work in WDTX, and ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████ ███████ Decl., ¶¶ 14-15. And although Google's Austin and San Antonio offices establish a presence in WDTX, they do not create a strong local interest, because the Accused Products were ████████████████

██████ entirely outside of Texas and predominantly by employees in NDCA. *Id.*, ¶¶ 1, 5-13, 16; *see Google I*, 2021 WL 4427899, at *6 ("Because the accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas … the local interest factor should [be] weighted strongly in favor of transfer."). To the extent CardiacSense alleges a local interest, it is not genuine; it had no objection to another case involving the same patent being moved from WDTX to California. Ex. 9.

On facts like these, courts routinely find the local interest factor favors transfer. *See In re Juniper Networks*, 14 F.4th at 1320–21 ("[The defendant]'s general presence in the Western District of Texas is not enough to establish a local interest in that district comparable to that of the Northern District of California. … Moreover, it appears that the relationship between the Texas forum and [the plaintiff] is merely the product of pursuing litigation in a preferred forum and is entitled to little weight."); *eCardless Bancorp, Ltd. v. PayPal, Inc.*, 7:22-cv-00245-ADA-DTG, D.I. 82, slip op. at 4–5 (W.D. Tex. Feb. 15, 2024) (finding this factor favored transfer where plaintiff had "no connection to this district," and "the design and development of the [accused

products] occurred in NDCA where [Defendant] is headquartered and has over 4,000 permanent employees").

### 2.    The Administrative Difficulty Factor Is Neutral

Both case statistics and the Federal Circuit indicate that NDCA and WDTX have roughly the same caseloads and time to trial. In the 12-month period ending on March 31, 2024, NDCA and WDTX had comparable median times to trial (29.4 months in WDTX versus 35.5 months in NDCA). Ex. 15 at 2-3. Indeed, "the Federal Circuit has repeatedly 'noted that the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *USTA Tech., LLC v. Google LLC*, No. W-22-CA-01214-XR, 2023 WL 4833481, at *6 (W.D. Tex. July 26, 2023) (quoting *In re Apple Inc.* (*Apple III*), No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021)); *see also DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *5 (W.D. Tex. Aug. 30, 2024) (finding that this "most speculative" factor "slightly favors transfer" to NDCA).

Moreover, any minimal difference in the time to trial is less important when the "patentee lack[s] 'position in the market being threatened.'" *In re Google LLC* (*Google II*), 58 F.4th 1379, 1383 (Fed. Cir. 2023) (quoting *In re Juniper Networks*, 14 F.4th at 1322). Here, CardiacSense admits that it "has never commercialized the patented invention." D.I. 23 at 19. Therefore, CardiacSense "is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to the time-to-trial difference." *Google II*, 58 F.4th at 1383.

Nor would the transfer itself cause appreciable delay. Because the only significant case event so far is briefing a motion to dismiss, this case "has not progressed out of its early stages," and "it will not impose delay" to transfer the case to NDCA at this point. *See, e.g.*, *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. 6:21-CV-00681-ADA, 2022 WL 3592448, at *6 (W.D. Tex. Aug.

22, 2022) ("[Plaintiff] feels that the parties have fully briefed this and two simultaneous motions to dismiss. … The Court is not persuaded by [Plaintiff]'s argument.  The present suit has not progressed out of its early stages.  Transfer … will not impose delay.").

Because NDCA and WDTX have roughly the same caseloads and the case is in its early stages, this factor is neutral.  Regardless, this factor is given "little weight" and should not prevent the case from being transferred.  *See XR Commc'ns, LLC v. Google LLC*, No. 6:21-cv-00625-ADA, 2022 WL 3702271, at *9 (W.D. Tex. Aug. 26, 2022) ("[T]his is the most speculative factor, and the Federal Circuit has accorded it strikingly little weight in recent history.").

### 3.    The Remaining Public Interest Factors Are Neutral

Both NDCA and this Court are experienced with patent litigation, and there are no conflict of law issues.  Thus, the remaining two public interest factors are neutral.

## V.    CONCLUSION

The factors under Section 1404(a) strongly favor transfer.  Nearly all of Google's expected witnesses, documents, and physical evidence are located in NDCA, and no potential witnesses, documents, or physical evidence are located in WDTX.  Three private interest factors (convenience of the witnesses, location of documents and physical evidence, and compulsory process) and one public interest factor (local interest) favor transfer; the remaining one private interest factor and three public interest factors are neutral; and no factors weigh against transfer.  Google therefore respectfully requests that the Court transfer this case to NDCA.

Dated: April 4, 2025                                Respectfully submitted,

                                    By:    */s/ Brian C. Banner*
                                           Brian C. Banner (TX Bar No. 24059416)
                                           SLAYDEN GRUBERT BEARD PLLC
                                           401 Congress Ave., Suite 1650
                                           Austin, Texas 78701
                                           Telephone: 512-402-3569

                                           Karim Oussayef (admitted *pro hac vice*)
                                           Carson Olsheski (admitted *pro hac vice*)
                                           DESMARAIS LLP
                                           230 Park Avenue
                                           New York, NY 10169
                                           Telephone: 212-351-3400
                                           Facsimile: 212-351-3401

                                           David Shaw (admitted *pro hac vice*)
                                           DESMARAIS LLP
                                           1899 Pennsylvania Avenue NW
                                           Washington, DC 2006
                                           Telephone: 202-451-4900
                                           Facsimile: 202-451-4901

                                           Marie Weisfeiler (admitted *pro hac vice*)
                                           Kurt Fredrickson (admitted *pro hac vice*)
                                           DESMARAIS LLP
                                           101 California Street
                                           Suite 3000
                                           San Francisco, CA 94111

                                           *Attorneys for Defendant Google LLC*